Filed 8/26/16  P. v. Brice CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LETICIA RAE BRICE,<br><br>Defendant and Appellant. | F071887<br><br>(Kings Super. Ct. Nos. 14CM0427, 15CM0102A, 15CM0465, 15CM0990))<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert Shane Burns, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Party Designation and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Clara M. Levers and Julie A. Hokans, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Detjen, J. and Smith, J.

Defendant Leticia Rae Brice was convicted of several crimes related to identity theft in four cases.  On appeal, she contends (1) the abstract of judgment does not accurately reflect the trial court's oral pronouncement of judgment, and (2) the presentence custody credits were improperly calculated.  We vacate the custody credits granted by the trial court and remand for recalculation of the credits and amendment of the abstract of judgment.

## I.  *Abstract of Judgment*

Defendant contends, and the People concede, that the abstract of judgment inaccurately reflects the restitution fines (Pen. Code, § 1202.4)[1] and post-release community supervision fines (§ 1202.45) orally imposed by the trial court in three of the four cases—case Nos. 15CM0102A, 15CM0465, and 15CM0990.  We agree the reporter's transcript establishes that the trial court imposed a $1,500 restitution fine and a matching, suspended $1,500 supervision fine in case No. 14CM0427 (§§ 1202.4, subd. (b), 1202.45), but in the three remaining cases—15CM0102A, 15CM0465, and 15CM0990, the court imposed those two fines in the amount of $300, not $1,500.  Thus, we agree with the parties that the abstract of judgment, which improperly reflects $1,500 fines for all four cases, must be amended to reflect the oral pronouncement of judgment.

## II.  *Presentence Custody Credits*

Defendant further contends the trial court erred by calculating her custody credits as 433 days rather than 444 days.  The People agree that the court erred, but argue that the proper number of days is 441.  The parties agree that the matter must be remanded to the trial court for an evidentiary hearing to determine the necessary factual issues upon which this calculation must be based.  We agree.

---

[1]     All statutory references are to the Penal Code.

2.

## DISPOSITION

The trial court's presentence custody credit determination is vacated and the matter is remanded to the trial court for an evidentiary hearing to consider the factual issues underlying the calculation, and to recalculate those credits. The court is instructed to amend the abstract of judgment with (1) the newly calculated presentence custody credits and (2) the $300 restitution fines and matching, suspended supervision fines (§§ 1202.4, subd. (b), 1202.45) in three of the four cases (case Nos. 15CM0102A, 15CM0465, and 15CM0990). The court is further instructed to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.